# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| James Edwards, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 5:21-cv-0018-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden Knight, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James Edwards, Jr., a federal prisoner, filed this action *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for all pretrial proceedings. Respondent filed a motion for summary judgment. (ECF No. 25). Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that this court grant the motion for summary judgment and dismiss Petitioner's § 2241 petition without prejudice. (ECF No. 35 at 5). Petitioner did not file objections to the Report, and the matter is now ripe for review.

## I. Background

### A. Procedural History

On January 6, 2011, Petitioner pled guilty in the United States District Court for the Middle District of Florida to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), 846, and to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). *See United States v. Edwards*, 8:10-cr-00461-RAL-AEP-1, Dkt. No. 17 (M.D. Fla.). Petitioner was sentenced to a term of imprisonment of 180 months on both counts, to run

concurrently. *Id.*, Dkt. No. 25. Petitioner filed a notice of appeal, *id.*, Dkt. No. 29, but ultimately moved for, and was granted, voluntary dismissal of his appeal, *id.*, Dkt. No. 33.

On March 21, 2014, Petitioner, who was then housed in a federal correctional facility in Jesup, Georgia, filed a motion in the Southern District of Georgia, for habeas relief under 28 U.S.C. § 2241. *Edwards v. Hastings*, 2:14-cv-00041-LGW-RSB, Dkt. No. 1 (S.D. Ga.). The petition was dismissed on the basis that Petitioner failed to satisfy the savings clause of 28 U.S.C. § 2255(e) and, therefore, could not proceed with a § 2241 petition. *Id.*, Dkt. No. 15.

In November 2014, Petitioner filed his first motion for relief under 28 U.S.C. § 2255. *Edwards v. United States*, 8:14-cv-02983-RAL-AEP, Dkt. No. 1 (M.D. Fla.). On December 2, 2014, the sentencing court entered an order denying Petitioner's § 2255 motion as time barred. *Id.*, Dkt. No. 2. And, finally, in May 2016, Petitioner filed a motion for immediate release, which the sentencing court denied, noting that "[t]o the extent . . . the motion is construed as a motion to vacate filed pursuant to 28 U.S.C. § 2255," the court lacked jurisdiction because Petitioner filed it "without obtaining prior authorization from the Eleventh Circuit Court of Appeals to do so." *Edwards*, 8:10-cr-00461-RAL-AEP-1, Dkt. Nos. 40; 41.

### B. Instant § 2241 Petition

Petitioner is now housed in a federal facility located in Estill, South Carolina, and, on January 4, 2021, filed this action seeking habeas relief pursuant to § 2241. (ECF No. 1). Petitioner contends that the Bureau of Prisons ("BOP") has failed to award earned-time credits for participation in "Evidence-Based Recidivism Reduction Programming" ("ERRP credit") pursuant to the First Step Act, 18 U.S.C. § 3632(d)(4)(A). (ECF No. 1-1 at 2). According to Petitioner, his projected release date is August 16, 2023, but that he is entitled to 365 days of ERRP credit, making his release date August 16, 2022. *Id.* Petitioner claims that, if he is correct, he is entitled to

immediate release because the First Step Act "requires the BOP to transfer minimum or low risk prisoners to Pre-Release custody [in] either home confinement of to a halfway house." *Id*.

On March 17, 2021, Respondent moved for summary judgment on two grounds: (1) Petitioner did not exhaust his administrative remedies before filing this action; and (2) the BOP had no duty to award ERRP credit to eligible inmates until January 15, 2022. (ECF No. 25-1). On January 14, 2022, having received a reply from Petitioner (ECF No. 28), the magistrate judge filed the Report concluding that Petitioner had "failed to properly exhaust his administrative remedies and is barred from obtaining federal habeas relief." (ECF No. 35 at 5). Additionally, the magistrate judge concluded that, "[t]o the extent . . . Petitioner exhausted his administrative remedies, . . . the instant petition should also be dismissed as Petitioner's claim is premature as the deadline to implement the evidence-based recidivism reduction program under the First Step Act had not expired when the habeas [petition was] filed." *Id*. Accordingly, the Report recommended that the court grant Respondent's motion for summary judgment and dismiss the petition without prejudice. *Id*. The Report was mailed to Petitioner at the address he provided the court, (ECF No. 36), and has not been returned as undeliverable. Therefore, Petitioner is presumed to have received the Report. Petitioner was advised of his right to file specific objections to the Report, (ECF No. 35 at 6–7), but failed to do so. The time for Petitioner to object to the Report has now expired, and this matter is ripe for review.

## II. Legal Standards

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report

to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Analysis

As the magistrate judge correctly explained in the Report, (ECF No. 35 at 3), although § 2241 does not contain a statutory exhaustion requirement, courts generally require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (same). Nonetheless, "some courts have held that the judicial exhaustion requirement of § 2241 may be excused by courts for

discretionary reasons, such as where requiring exhaustion would be futile." *Vazquez v. Knight*, No. 8:21-cv-0314-RMG, 2021 WL 1625002, at *2 (D.S.C. Apr. 27, 2021).

The BOP has a four-step grievance-resolution process, requiring that an inmate:

> (1) [seek] informal resolution with a staff member; (2) [submit] a formal grievance to the Warden on a "BP-9" form; (3) [appeal] the formal grievance to the Regional Director on a "BP-10" form within 20 days of the date the Warden signed the response to the grievance; and (4) [appeal] to the General Counsel of the Central Office on a "BP-11" form within 30 days of the date the Regional Director signed the response to the appeal.

*Kamara v. Warden, FCI Beckley*, No. 5:21-cv-00201, 2021 WL 6755470, at *2 (S.D. W. Va. Dec. 14, 2021) (citing 28 C.F.R. § 542.10-542.15), *report & rec. adopted by* No. 5:21-cv-00201, 2022 WL 300938 (S.D. W. Va. Jan. 31, 2022). As noted in the Report, Respondent submitted evidence indicating (1) that, according to the BOP's SENTRY computer database, Petitioner filed an administrative remedy request seeking ERRP under the First Step Act, (2) that Petitioner received a response in December 2020, (3) that the file was closed, and (4) that Petitioner did not appeal or pursue the matter further. (ECF No. 25-2 at 1).

Petitioner's evidence in response reflects that he filed initial requests for ERRP credit to the facility case manager on October 26, 2020 and November 16, 2020, and that he received responses indicating his requests had been noted and that he could potentially receive earned-time credit for ERR programming. (ECF No. 28-1 at 14–21). The BOP's response also advised Petitioner that if he was "dissatisfied with this response," he had the right to "submit an appeal on the appropriate form (BP-10) to the Regional Director[]" of the BOP. *Id*. at 21. Petitioner claims he filed an appeal to the Regional Director (ECF No. 28 at 3), and submitted a copy of a BP-10 appeal form dated January 5, 2021, (ECF No. 28-1 at 4). Petitioner further claims he did not receive a response and, therefore, subsequently filed "a BP-11 for Central Office review." (ECF No. 28 at 3). Petitioner has not, however, submitted evidence of an appeal to the Central Office.

5

Accordingly, Petitioner has failed to establish that he satisfied the four-step grievance process. Furthermore, as the magistrate judge noted, Petitioner filed this action before he purportedly filed administrative appeals to the regional and central offices and, therefore, failed to exhaust his administrative remedies. Petitioner contends that any failure to exhaust should be excused as "futile due to a narrow dispute of statutory construction." (ECF No. 28-1 at 14). The magistrate judge rejected this argument, finding that Petitioner "has failed to allege any facts or caselaw to show that his case is exempt from administrative exhaustion." (ECF No. 35 at 5). The court finds no reason to deviate from this conclusion and finds that Petitioner failed to exhaust his administrative remedies.[1]

## IV. Conclusion

Having thoroughly reviewed the record and the Report, the court finds no reason to depart from the Report's recommendation and, therefore, **GRANTS** Respondent's motion for summary judgment (ECF No. 25) and **DISMISSES** the Petition (ECF No. 1) without prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

---

[1] In light of this conclusion, the court need not address the BOP's duties with respect to ERRP credit under the First Step Act.

February 9, 2022 /s Timothy M. Cain
Anderson, South Carolina United States District Judge

7